IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KELLY DENISE JAMISON, §<br>PETITIONER, § <br>§<br>v. § CIVIL ACTION NO. 4:08-CV-077-A<br>§<br>NATHANIEL QUARTERMAN, DIRECTOR, §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, INSTITUTIONAL DIVISION, §<br>RESPONDENT. § | |

<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER</u>

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Kelly Denise Jamison, TDCJ-ID #1289111, is confined by the Texas Department of Criminal Justice, Correctional Institutions Division, in the Lane Murry Unit, Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. CASE HISTORY

The underlying facts were summarized by the state appellate court:

> In two separate cases, grand juries indicted [Jamison] for possession of more than one gram but less than four grams of methamphetamine, and both indictments contained habitual-offender notices. In a third case, a grand jury indicted [Jamison] on five counts of possession or use of identifying information with intent to defraud, and the indictment included an enhancement paragraph. Pursuant to plea bargains in all three cases, [Jamison] pleaded guilty to the charges and pleaded true to the habitual offender notices and the enhancement paragraph, and the trial court placed her on deferred adjudication community supervision for ten years in each case.
>
> The State moved to proceed to adjudication in all three cases, alleging that [Jamison], within three months of having been released from jail on community supervision, violated the conditions of community supervision by using a controlled substance and failing to report, to which [Jamison] pleaded true, and committing a new offense and failing to submit an undiluted urine sample for drug testing, to which [Jamison] pleaded not true. The alleged new offense was another instance of possession or misuse of identifying information with intent to defraud. The State offered evidence that police apprehended [Jamison] while she was forging checks and identification cards with a scanner, computer, printer, and laminating machine in a motel room that she had rented using false identification. The trial court found all of the alleged community-supervision violations to be true except for the alleged failure to submit an undiluted urine sample.
>
> The trial court proceeded to adjudication in all three cases, finding [Jamison] guilty of each charge and finding the habitual-offender and enhancement allegations to be true. The court offered each side the opportunity to present punishment-phase evidence. [Jamison] offered no evidence. The trial court then sentenced [Jamison] to life imprisonment for each of the possession charges and twenty years' imprisonment for the misuse-of-identification charge—the maximum sentence for each charge—with all of the sentences to run concurrently.

*Jamison v. State*, Nos. 2-05-053-CR, 2-05-054-CR, 2-05-055-CR, slip op. at 2-3 (Tex. App.—Fort Worth 2006, pet. ref'd). The Texas Court of Appeals affirmed the judgment, and the Court of Criminal Appeals refused Jamison's petition for discretionary review. *See id. See also Jamison v. State*, No. PD-1526-06, PD-1527-06, PD-1528-06 (Tex. Crim. App. 2007). Jamison did not seek collateral relief from the state court. She filed her federal petition for writ of habeas corpus on January 24, 2008.

D.   ISSUES

Jamison asserts that she was denied the effective assistance of counsel because counsel failed

to investigate and present mitigation evidence during the punishment hearing.

E.   RULE 5 STATEMENT

Respondent does not challenge the petition as untimely and agrees that Jamison has sufficiently exhausted available state remedies on the issue presented.

F.   LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough—the standard is one of objective reasonableness. *Id.* In addition, state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

G.  DISCUSSION

Jamison asserts that she was denied the effective assistance of counsel because trial counsel failed to investigate and present mitigation evidence during the punishment hearing. Jamison asserts that her attorney, William Ray, was ineffective because he failed to reasonably investigate mitigating circumstances and call witnesses who could testify regarding Jamison's potential employment and her desire to rehabilitate. Specifically, Jamison complains that she received letters of admittance from various substance abuse treatment centers, but Ray failed to contact representatives from the treatment centers to testify on her behalf. She also complains that Ray did not call potential employers to testify regarding her future employability or the chaplain who had written a letter to the trial court regarding Jamison's desire to rehabilitate.

The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong of *Strickland* requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Id.* The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697. Claims of ineffective assistance are mixed questions of law and fact. *Id.* at 698. Because the state court rejected Jamison's complaints about her trial counsel, the federal court cannot grant habeas relief unless the state court's decision involves an unreasonable application of the law to the facts. 28

U.S.C. § 2254(d)(1).

As outlined by the state court of appeals, Jamison does not meet the requirements of either prong of the *Strickland* test. *See Jamison*, No. 2-05-053-CR, slip op. at 8-12. With regard to the letters and potential testimony from treatment center representatives, the letters were addressed to the trial court and one of the letters is included in the clerk's record. *Id*. at 8. Ray testified[1] that he had discussed the letters with the trial judge before the punishment hearing, but the letters had not changed the trial court's determination as to the appropriate punishment. *Id*. at 5. Ray also testified that it was his experience that the trial court always considered letters just as though the authors had testified to the matters set out in the letters. *Id.* at 5-6. Jamison has not identified what additional testimony the representatives would have given if they had been called as witnesses. Complaints of uncalled witnesses are not favored on habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981); *Brooks v. Estelle*, 697 F.2d 586 (5th Cir. 1982). Jamison has not overcome the strong presumption that her attorney acted reasonably with respect to the letters submitted to the court on her behalf.

Moreover, even if her attorney's representation was deficient, Jamison cannot show a reasonable probability that the result would have been different under the second prong of the *Strickland* test. As the state appellate court observed, once the trial court adjudicated guilt, Jamison was no longer eligible for community supervision because the trial court had found the habitual-offender notices to be true. *See Jamison*, No. 2-05-053-CR, slip op. at 9. *See generally* Tex. Penal

---

[1] The state appellate court had abated Jamison's appeal and remanded the case to the trial court for a hearing to develop the facts underlying Jamison's complaint of ineffective assistance. *See Jamison*, No. 2-05-053-CR, slip op. at 3-4.

Code Ann. § 12.42(d) (Vernon 2003 & Supp. 2006)(setting minimum punishment at twenty-five years' imprisonment for third felony conviction); Tex. Code Crim. Proc. Ann. art. 42.12, § 3(e)(1) (Vernon 2006)(rendering defendant ineligible for community supervision when sentence exceeds ten years' imprisonment). Therefore, any testimony regarding the possibility of attending treatment programs on community supervision would have had little relevance to the sentencing hearing.

A similar analysis applies to testimony from witnesses regarding Jamison's employability. With Jamison facing a minimum sentence of twenty-five years in prison, any testimony from potential employers could have no substantial effect on the result of a sentencing hearing. *See Jamison*, No. 2-05-053-CR, slip op. at 10. As for the chaplain's value as a character witness, the state appellate court deemed it unlikely that the chaplain's testimony would have changed the result of the sentencing hearing because Ray provided the trial court with the chaplain's letter and Jamison did not show that the chaplain's testimony would have provided additional information not included in the letter. *Id.*

Jamison contends that her case was prejudiced because the trial court might have imposed less than the maximum possible sentence for each offense had counsel made an effort to present her attempts to be rehabilitated. For purposes of establishing prejudice, it is not enough for a defendant to show that the errors had some conceivable effect on the outcome. *See Strickland*, 466 U.S. at 693. Not every error that conceivably could have influenced the outcome undermines the reliability of the result of a proceeding. *Id.* Moreover, the state court found that testimony from the authors of the letters, who each urged community supervision and drug treatment, would not have tended to lighten Jamison's sentence, particularly when the trial judge was already aware of the letters' contents. *See Jamison*, No. 2-05-053-CR, slip op. at 12. Jamison's speculations to the contrary are

not sufficient to satisfy the second prong of *Strickland*.

The state court of appeals concluded that Jamison failed to show that Ray's representation fell below prevailing professional norms or that there was a reasonably probability of a different punishment outcome had Ray presented the evidence that Jamison wanted. *Jamison*, No. 2-05-053-CR, slip op. at 12. Jamison has not shown grounds for disturbing this decision. She fails to provide clear and convincing evidence to rebut the presumption of correctness regarding the underlying state court findings of fact, nor has she demonstrated that the state court unreasonably applied clearly established federal law in rejecting her complaints of ineffective assistance of counsel.

## RECOMMENDATION

The petition for writ of habeas corpus should be denied.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until December 9, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until December 9, 2008 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED NOVEMBER 18, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE