U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 17 2008

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLY DENISE JAMISON, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-077-A |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

ORDER

I.

State Court History

For the pertinent state court history, the court here adopts by reference the "Factual and Procedural Background" section of the August 31, 2006, opinion of the Court of Appeals, Second Judicial District of Texas, at Fort Worth, in Jamison's appeal from the sentences imposed on her by the state trial court at her revocation and adjudication hearing. Jamison v. State, 2006 WL 2507321, *1-*3 (Tex. App.--Fort Worth 2006). The Court of Criminal Appeals of Texas refused Jamison's petition for discretionary review of the affirmance by the Court of Appeals of the trial court's judgment of revocation, adjudication, and punishment. Jamison did not seek collateral review in the state

court. Respondent concedes that Jamison sufficiently exhausted her state court remedies by fairly presenting her ineffective assistance of counsel claim to the Court of Criminal Appeals of Texas in her petition for discretionary review. Resp. at 6.

## II.

### History in This Court

On February 5, 2008, applicant, Kelly Denise Jamison, ("Jamison") filed her application under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.[1] Her sole complaint is that she received ineffective assistance of counsel in a deferred adjudication revocation proceeding that led to adjudications of guilt in three deferred adjudication proceedings based on her violations of conditions of community supervision and assessments of punishment in each of the three cases.

Respondent, Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, responded to the application on April 10, 2008, contending that:

(1) This court may not grant relief on Jamison's ineffective-assistance-of-counsel claim since it has been

---

[1] Applicant refers to her application as a "petition" and to herself as "petitioner." Consistent with the language of 28 U.S.C. § 2241, the court uses the terms "applicant" or "Jamison" and "application" instead of "petitioner" and "petition."

adjudicated on the merits in the Texas court; and, under the AEDPA, the state court adjudication is entitled to deference from this court because Jamison has failed to show that the state court's result was (a) contrary to, or involved an unreasonable application of, federal law or was (b) based on an unreasonable determination of fact.

(2) Even if considered substantively, Jamison's claim of ineffective assistance of counsel is without merit.

On reference from the district court, United States Magistrate Judge Charles Bleil made and issued findings, conclusions, and a recommendation ("FC&R") on November 18, 2008. In his FC&R order, Judge Bleil ordered that each party was granted until December 9, 2008, to serve and file written objections to the FC&R. Neither party has filed objections to the FC&R.

III.

The Court Accepts the FC&R

Even though Jamison filed no objections to the FC&R, the court nevertheless has conducted a thorough review of the record in the light of Jamison's grounds for relief. After having done so, the court has concluded that the magistrate judge correctly concluded that the relief sought by Jamison should be denied.

The court finds acceptable the findings, conclusions, and recommendation in the FC&R. Therefore,

The court ACCEPTS the findings, conclusions, and recommendation in the FC&R; and

The court ORDERS that all relief sought by Jamison in her application be, and is hereby, denied.

SIGNED December 17, 2008.

JOHN MCBRYDE
United States District Judge